127 A.2d 470 (1956)
Ella M. BARTLETT, Plaintiff,
v.
GENERAL MOTORS CORPORATION, Freeport Sulphur Company, The Diamond Match Company, corporations of the State of Delaware, Defendants.
Court of Chancery of Delaware, New Castle.
December 14, 1956.
*471 David B. Coxe, Jr., Wilmington, for plaintiff.
Caleb S. Layton of Richards, Layton & Finger, Wilmington, for defendants.
SEITZ, Chancellor.
The Superior Court granted plaintiff a divorce from Edward N. Bartlett and in conjunction therewith granted her a monetary judgment against him pursuant to the provisions of 13 Del.C. § 1531. Thereafter, a writ of attachment based on the judgment was issued by the Superior Court pursuant to 8 Del.C. § 324. It resulted in a seizure of the shares of stock in each of the defendant corporations which were standing in the name of the judgment debtor. An order of sale was thereafter ordered by the Superior Court pursuant to the same statute. At the public sale of the attached stock plaintiff was the purchaser. Despite compliance by plaintiff with all the provisions of 8 Del.C. § 324 the defendant corporations refused to transfer the shares into plaintiff's name on their books and to issue new certificates to her.
Plaintiff instituted this action to compel defendants to cancel the registrations of the shares in the name of the judgment debtor and to transfer the registrations into plaintiff's name and to issue her certificates therefor. Plaintiff also seeks all dividends and stock accretions since she purchased the shares.
Defendants' answers raise two defenses: 1) The Superior Court lacked power to issue the writ of attachment and order of sale on this judgment because it was based on 13 Del.C. § 1531 which provides the only method to enforce a judgment rendered thereunder; 2) Defendant corporations are not required to issue certificates representing the shares without the surrender of the old certificates or unless an order so directing is entered by a court of competent jurisdiction, coupled with the receipt of a proper indemnification bond.
Plaintiff has moved for judgment on the pleadings and this is the decision thereon.
I first consider the power of the Superior Court to use the stock attachment statute to enforce a judgment entered under 13 Del.C. § 1531. I pass over the fact that defendants could and should have raised this issue when the shares were attached.
Defendants do not dispute the fact that plaintiff's judgment was properly entered pursuant to 13 Del.C. § 1531. That statute grants the following power to the Superior Court:

*472 "(a) When a divorce shall be decreed for the aggression of the husband, the complainant shall be restored to all her real estate, and allowed, out of her husband's real and personal estate, such share as the court thinks reasonable; * * *
"(b) Any allowance or division of property under subsection (a) of this section, may be by a gross sum, or an annual allowance, or an assignment by metes and bounds. The court may appoint commissioners to execute any order in the premises, and may issue writs of possession, as in case of land sold on execution process."
Defendants' argument is that the jurisdiction of the Superior Court in divorce actions is purely statutory and its power to deal with property as an incident thereto is exclusively limited to the power granted by 13 Del.C. § 1531. Defendants contend that since the statute provides a method of effectuating orders entered thereunder and does not provide for an issuance of a writ of attachment or order of sale, the writ of attachment and order of sale issued on a judgment so obtained is a nullity. Let us see.
Section 1531 does provide a permissive way to execute an order entered thereunder, i. e., by appointment of commissioners. There is nothing in the history of this statute which would tend to show that the provision concerning commissioners was intended to be exclusive. In any event, the provision does not purport to be exclusive and indeed is only permissive. It is clearly ancillary to the implied power of the Court to handle the matter without a reference to commissioners.
Although the statute is silent about other means of enforcement, it is well recognized that a court has inherent power to enforce its own judgments. 49 C.J.S., Judgments, § 585. To deny such power here would indeed be the height of self-stultification where a statutory stock attachment provision exists.
Let us accept defendants' contention that the jurisdiction to render a judgment in connection with a divorce proceeding is statutory. There is still no reason to conclude therefrom that when such an award takes the form of a monetary judgment it may not be enforced by the same means as are provided for the enforcement of other such judgments of the Superior Court. Thus, 10 Del.C. § 562, provides:
"The Superior Court may frame and issue all remedial writs, including writs of habeas corpus and certiorari, or other process, necessary for bringing the actions in that Court to trial and for carrying the judgments of the Court into execution. * * *"
The quoted statute would be applicable to a monetary award under 13 Del.C. § 1531. See also 8 Del.C. § 193.
I conclude that a judgment entered by the Superior Court under 13 Del.C. § 1531 may be enforced by a writ of attachment and order for sale under 8 Del.C. § 324. It follows that the Superior Court had jurisdiction to issue the writ of attachment and order of sale here involved.
Defendants next assert that they should not be required to issue new certificates until the old ones are produced (which we here assume cannot be done) or unless ordered to do so by a court of competent jurisdiction, coupled with a provision for a proper indemnification bond.
The shares here involved were attached and sold pursuant to the provisions of 8 Del.C. § 324. This statute was not altered by the provisions of the Uniform Stock Transfer Act in the form in which that Act was adopted in this State. See 8 Del.C. § 202.
Section 324, insofar as pertinent, provides as follows:
"If the shares of stock or any of them or the option to acquire shares or any such right or interest in shares, *473 or any part of them, be sold as provided in subsection (a) of this section, any assignment, or transfer thereof, by the debtor, after attachment so laid, shall be void. * * *
"* * * Such sale, returned and confirmed, shall transfer the shares or the option to acquire shares or any right or interest in shares sold to the purchaser, as fully as if the debtor, or defendant, had transferred the same to him according to the charter and by-laws of the corporation, anything in the charter or by-laws to the contrary notwithstanding. * * *"
If the statute is to accomplish its intended purpose, it must be construed in this case to require the corporation to give the purchaser new certificates and to cancel the old registrations. Otherwise, a sale under the statute would give the purchaser practically nothing. I cannot believe this result was intended.
Defendants argue that they should not be required to make an overissue of their shares. Passing over the fact that there is nothing in the record to show that an overissue will here result, it seems to the court once again that if the stock attachment statute is to be effective it must be construed to require cancellation of the old shares and registration of new shares on the corporate books in the name of the purchaser at the statutory sale. It must also require the issuance of new certificates to the purchaser. In this situation no question of an overissue could arise.
I need not decide whether an indemnity bond can be required of a purchaser at a sale under 8 Del.C. § 324 because plaintiff has agreed to furnish the defendants with what I assume will be appropriate indemnity bonds. Plaintiff's offer makes moot the dispute in the pleadings as to whether plaintiff offered defendants indemnity bonds. Since bonds will be provided, it is also unnecessary at this time to decide what defendants' liability, if any, may be where as here the cancellation of the old shares and the issuance of new ones was brought about by court order.
I conclude that plaintiff is entitled to have the old registration of the shares cancelled and a new registration in her name entered. She is also entitled to certificates representing such shares, and any stock or cash attributable thereto, upon the condition that she deliver appropriate indemnity bonds to defendants.
Plaintiff's motion for judgment on the pleadings in the foregoing form will be granted.
Order on notice.